Anna M. Hurley, appellant,

*v.*

David Pottash et al., respondents.

[Argued June 23d, 1921. Decided November 14th, 1921.]

At a sheriff's sale in the execution of a decree of foreclosure of a mortgage, which was regular in every particular, the complainant's decree being about $14,250, the holder of the decree bid $7,200, and being the

highest bidder the property was struck off to him for that sum. Subsequent to the sale, another person offered to bid on a resale $15,000, and confirmation of the sale was refused.—*Held*, that a judicial sale made without irregularity or fraud, not affected by accident or mistake, will not be set aside for mere inadequacy of price, and that under the circumstances stated the inadequacy, if any, was not so gross as to raise an inference of fraud, the subsequent bid offered being but a trifling sum over the amount of complainant's decree, and where a suit for any deficiency between the decree and price bid opens the sale and allows the mortgagor a right to redeem.

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming.

*Messrs. Carr & Carroll,* for the appellant.

*Mr. Willis T. Porch* and *Mr. David O. Watkins,* for the respondents.

The opinion of the court was delivered by

BERGEN, J.

This is an appeal from an order of Vice-Chancellor Leaming refusing confirmation of a foreclosure sale and directing a resale of the mortgaged premises. The facts appearing in the record are that the complainant held a mortgage given by the defendant on a portion of his real estate on which, with interest, there was due $14,250. There was also a second mortgage given to another person on the premises for $20,000 which had been assigned as collateral security to the Integrity Trust Company. The sheriff of Gloucester county, as directed by the execution, issued according to the decree of foreclosure, sold the property to one Oscar B. Redrow, the owner of the decree, for $7,200, and reported to the chancellor the sale as required by statute, and it is this sale which the vice-chancellor refused to confirm. The purchaser assigned his bid, and the mortgagee assigned the mortgage and decree to the New Jersey Housing and Contracting Company, which paid the complainant the full amount due on the decree.

During the foreclosure proceedings the mortgagor was adjudicated a bankrupt, and the complainant agreed to, and did,

consent to have the sheriff adjourn the sale in order that the trustee in bankruptcy might offer the property at public sale, which he did, but no price could be obtained satisfactory to the bankruptcy court, and thereupon the sheriff sold it to the highest bidder. There were a number of persons attending the sale, among them being the representative of the creditors of the mortgagor who bid for the property. After the property was struck off to Redrow, the trustee in bankruptcy opposed the confirmation of the sale, and to induce a refusal produced a proposed bidder who offered to bid at a resale $15,000 which would cover the complainant's decree. We are of opinion that under these circumstances confirmation should not have been refused upon the ground of inadequacy of price unless it was so gross as to justify an inference of fraud. In *Morrissee* v. *Inglis, 46 N. J. Eq. 306,* this court laid down the rule that "judicial sales made without irregularity or fraud and not affected by accident or mistake, will not be set aside for mere inadequacy of price. * * * Nothing would more evidently tend to discourage and prevent bidding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid, whenever any person is willing to give a larger price." To the same effect is *Hoffman* v. *Godfrey, 79 N. J. Eq. 617.* It is not contended that there was any irregularity or fraud, nor is there any proof of any accident or mistake sufficient to abrogate the rule thus established by this court. It is, however, argued in support of the vice-chancellor's order that the trustee in bankruptcy now has an offer of $35,000 for the property, and that the inadequacy is so great as to shock the conscience of the court. There is no proof of the actual value of the mortgaged premises, but we are asked to infer it from the offer of $35,000, which would be sufficient to satisfy the complainant's as well as the second mortgage. We cannot infer from the offer, that the value of the mortgaged premises is $35,000, for the offer includes all the real estate of the bankrupt, some of which was not embraced in complainant's mortgage, as well as all goods, merchandise, machinery, raw and finished products and effects, and was made subject to the condition that the real and personal property for which the offer was made be free and clear of any liens and encumbrances except that

the lien of the Integrity Trust Company is to remain on the property and to be applied on account of the purchase price. This offer is not for the mortgaged premises but for all the property of the bankrupt, and of the Clayton Shoddy and Cotton Mills. It is not a cash offer and a resale could not be ordered on such terms. The offer is based upon an assumed value of $18,-000 for the mortgaged premises, which is about $3,000 in excess of complainant's mortgage, and that value is only estimated. The only unqualified offer to bid at a resale of the mortgaged premises is about $750 beyond the amount due on complainant's mortgage, and as he was the purchaser, he, in effect, took the premises to protect his debt, and, under such circumstances, the inadequacy in price was not so gross as to permit an inference of fraud.

It is next urged in support of the order appealed from that when the property was offered for sale it was announced by complainant and the sheriff that no machinery was to be included in the sale. The affidavits of three persons who were present at the sale support that statement. This is denied under oath by the sheriff, the solicitor, and by four other persons who were present at the sale and interested in it, and they all testify that no such statement was made, and the preponderance of the evidence sustains this denial. The refusal to confirm the sale seems to be entirely in the interest of the second mortgagee, who had ample opportunity to attend the sale and bid the amount of complainant's decree, because the amount of the two mortgages equals the offer to the trustee in bankruptcy and he will not realize one penny for the other creditors from the offer, which includes much property not subject to the mortgages. In addition to this it does not appear what the interest of the Integrity Trust Company was subject to which the intended offer was made, but, assuming that it was the full amount of the second mortgage, the holder of it had full opportunity to attend the sale and bid.

It is also urged that the housing company, the present holder of the decree, has threatened to present a claim to the trustee in bankruptcy for the deficiency between the amount bid and the complainant's decree. This is not pertinent to the present controversy, but if it should be presented it would have to be made

within six months after the sale under our statute requiring the suit to be brought within that period for a deficiency when the same debt is secured by bond and mortgage. *P. L. 1881 p. 184.* If such a claim should be presented within the required time a debatable question would then arise whether, under *Smith* v. *Crater, 43 N. J. Eq. 636,* it would not be the bringing of a suit on the bond, and whether if the claim should be allowed in bankruptcy it would not be an adjudication amounting to a judgment, the rendering of which would allow the mortgagor, or his representative, the trustee in bankruptcy, to come in within six months and redeem the property, which would, of course, accomplish all that the objectors to the confirmation would be entitled to, but that question is not before us. Of course, the quantity of machinery which the mortgage sale passed cannot be determined in this case, for it may well be that no machinery of value passed by the sale as fixtures. Nor are we concerned with the threatened proof of claim in the bankruptcy court for the deficiency, for that may never materialize.

The order refusing confirmation and directing a resale is reversed and the record remitted to the court of chancery that the sheriff's sale be confirmed.

*For affirmance*—BLACK, WILLIAMS—2:

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, VAN BUSKIRK—10.